104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Marie Louise GUEYE, Plaintiff-Appellant,
v.
AIR AFRIQUE, Defendant-Appellee.
 No. 96-7302.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 APPEARING FOR APPELLANT: Charles M. Powell, Jr., New York, New York.
 APPEARING FOR APPELLEE: Andrew R. Plump, Zuckert, Scoutt & Rasenberger, L.L.P., Washington, D.C.
 Before OAKES, CARDAMONE and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiff-appellant Marie Louise Gueye appeals from a judgment entered March 7, 1996 in the United States District Court for the Southern District of New York, following a bench trial, that granted judgment to defendant-appellee Air Afrique dismissing Gueye's amended complaint. The complaint alleged that Air Afrique had discriminated against Gueye on the basis of (1) her race in violation of 42 U.S.C. § 2000e-2(a), a provision of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and (2) her age in violation of 29 U.S.C. § 623(a), a provision of the Age Discrimination in Employment Act of 1967, as amended; and had retaliated against her for filing discrimination charges in violation of 42 U.S.C. § 2000e-3(a), another provision of Title VII. The complaint also claimed that Air Afrique's actions violated 42 U.S.C. § 1981(a) and § 296 of the New York Executive Law.
 
 
 4
 2. On appeal, Gueye contends that the district court improperly appraised her prima facie case under the employment discrimination "burden-shifting" analysis, and failed to "articulate specific findings" with respect to the plaintiff's age discrimination claim. Gueye also maintains that in addressing her retaliation claim, the district court failed to consider the closeness in time of her filing of charges and several adverse actions that Air Afrique took against her. Gueye further claims that the district court incorrectly refused to accept her trial testimony that she would have pursued certain promotional opportunities if she had been made aware of them.
 
 
 5
 3. Because the district court extensively analyzed trial testimony relevant to Air Afrique's proffered legitimate business explanations for its actions, it is clear that the court at least implicitly concluded that Gueye had established a prima facie case. Further "[w]here the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant." United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983).
 
 
 6
 4. Gueye's contention that the district court did not make "specific findings" with regard to her age discrimination claim is meritless; the district court included thorough findings of fact in its opinion. See Gueye v. Air Afrique, No. 92 Civ. 6625(SWK), slip op. at 2-9 (S.D.N.Y. Mar. 4, 1996). The district court considered all relevant factors in rejecting Gueye's retaliation claim, and was entitled to reject Gueye's trial testimony concerning her desire to pursue promotional opportunities that were provided to coworkers in view of the conflict of that testimony with Gueye's prior deposition testimony.
 
 
 7
 5. We affirm substantially for the reasons stated in the thorough opinion of the district court. See Gueye, slip op. at 9-19.